UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN K. MAUDE,<br><br>    Plaintiff,<br><br>    v.<br><br>CIRO BARBOZA,<br><br>    Defendant. | Case No. 22-cv-03405-RFL (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 73 |

In ECF No. 73, Defendant Ciro Barboza moved to compel Plaintiff Erin Maude "to provide responses and produce documents" in response to his first set of requests for production ("RFPs"). RFP 1 asked for all documents pertaining to the facts alleged in the Complaint. RFPs 2, 3, 4, 5, 6 and 8 all seem to be the same, asking for all documents, records and/or tangible material listed in Plaintiff's Rule 26 initial disclosures. RFP 7 sought all documents supporting Plaintiff's contention that Barboza did not honor her constitutional rights. RFPs 9 and 10 asked for all documents that show Plaintiff is entitled to damages. RFP 11 asked for all documents that show she is entitled to attorneys' fees. Basically, these RFPs asked for everything that supports Plaintiff's case. Defense counsel stated in his declaration that Plaintiff did not timely serve RFP responses. ECF No. 73-1 ¶ 2. Barboza also sought sanctions under Rule 37.

When the deadline to respond to the motion had expired, and no response had been filed, the Court issued an order to show cause. ECF No. 78. The Court ordered Plaintiff to show cause why the motion should not be granted, and set a deadline to respond to the OSC of December 13, 2023. Two days late, Plaintiff filed a response to the OSC. ECF No. 80. The response claimed that Plaintiff had produced the requested documents and that counsel for both sides had met and

conferred and agreed on a plan that would result in a withdrawal of the motion to compel. Plaintiff did acknowledge, however, that she had not responded to the RFPs.  Since the RFPs were served on September 7, 2023, and the response was filed on December 15, 2023, that would seem to indicate the responses to the RFPs were already more than two months late.

Because Plaintiff had represented that the two sides had agreed on a plan that would result in a withdrawal of the motion to compel, the Court scheduled a telephonic hearing for December 20, 2023, so it could understand the state of the discovery dispute.  ECF No. 81.  Before the hearing, Barboza filed a reply in support of his motion.  ECF No. 83.  He said he is concerned that not all responsive documents have been produced, and he asked the Court to order Plaintiff to provide her responses to the RFPs and for sanctions.  This left the Court to question the accuracy of Plaintiff's response to the OSC, as it certainly did not sound like Barboza thought there was any sort of agreement to withdraw his motion to compel.  Plaintiff's counsel then failed to attend the telephonic hearing, which did not proceed without both sides present.  ECF No. 84.

The Court **GRANTS** Barboza's motion to compel.  However, the Court will not order Plaintiff to serve responses to the RFPs.  The consequence that follows from not serving timely RFP responses is not that untimely ones should be served, but that Plaintiff's objections to the RFPs have been waived.  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber-Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).  And please bear in mind that Plaintiff missed this deadline by a lot.  Accordingly, the Court **ORDERS** Plaintiff to produce all documents responsive to the RFPs.

As for the request for sanctions, Civil Local Rule 7-8 provides that "[a]ny motion for sanctions, regardless of the sources of authority invoked, must comply with the following" requirements, the first of which is that it be "separately filed."  In belt-and-suspenders fashion, Civil Local Rule 37-4 more specifically states that any motion for attorney fees or other form of sanction under Federal Rule of Civil Procedure 37 must comply with Local Rule 7-8.  Because Barboza's request for sanctions was combined with a motion to compel, it didn't comply with Local Rule 7-8 because it wasn't separately filed.  Accordingly, the Court **DENIES** the request for

sanctions without prejudice to refiling it in conformity with the local rules.

**IT IS SO ORDERED.**

Dated: December 28, 2023

THOMAS S. HIXSON
United States Magistrate Judge

3